1
2
3
4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUAN VIANEZ,

                Plaintiff,

  v.

DISTRICT COURT FOR TACOMA,

                Defendant.

NO: 13-CV-00315-JPH

ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is Plaintiff's document titled "Objection to Order Oral Hearing (A)(2)," ECF. No. 8, received on October 28, 2013. By Order filed September 25, 2013, this Court adopted a Report and Recommendation and dismissed this action as Mr. Vianez had failed to pay the $400.00 filing fee to commence this action and he did not properly file an application to proceed without prepayment of the filing fee. Because Plaintiff is proceeding *pro se* the Court liberally construes his "Objection" as a Motion for Reconsideration under Fed .R. Civ. P. 59(e).

ORDER DENYING MOTION FOR RECONSIDERATION --1

A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed.R.Civ.P. 60(b). Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court re-examining the issue. Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

ORDER DENYING MOTION FOR RECONSIDERATION --2

The Court previously admonished Plaintiff that because of his extensive litigation history, as set forth by the Magistrate Judge, ECF No. 3, Mr. Vianez should be well acquainted with the requirements for commencing a civil action. He did not meet those requirements. In addition, contrary to Plaintiff's assertion, venue is not proper in this District. *See* 28 U.S.C. §§ 1391 and 1406. The only named Defendant, the District Court for Tacoma, is not located in this District and none of Plaintiff's claims arose in the Eastern District of Washington.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 8, is **DENIED**. The Court certifies any appeal of this decision would not be taken in good faith.

**DATED** this  4th  day of November 2013.


　　　　　　　　　　　　　　　　 *s/ Rosanna Malouf Peterson*
　　　　　　　　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　　　　　　　　　　Chief United States District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION --3